IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARK ANTHONY SEINA, #A0227572, | CIVIL NO. 20-00554 JAO-RT |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND |
| vs. | |
| OAHU COMMUNITY CORRECTIONAL CENTER, *et al.*, | |
| Defendants. | |

## ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND

Before the Court is Plaintiff Mark Anthony Seina's ("Seina") first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983 and state law. ECF No. 10. Seina alleges in the FAC that Defendants[1] violated his civil rights during his current pretrial detention at the Oahu Community Correctional Center ("OCCC"), where he was allegedly assaulted by other inmates. He also alleges that Defendants acted negligently under state law. For the

---

[1] Seina names as Defendants: (1) the Oahu Community Correctional Center ("OCCC"); (2) Warden Francis X. Sequeria; (3) Chief of Security Ceasar Atares; (3) Captain Bryant; (4) Captain Rodrigues; (5) Lieutenant Tokay; (6) Lieutenant Suilata; (7) Sergeant Yamamoto; (8) Sergeant Heck; and (9) "John and Jane Doe ABC and Company." ECF No. 10 at 1–5. Seina names each Defendant in his or her official and individual capacities. *Id.*

following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), with partial leave granted to amend.

## I. <u>STATUTORY SCREENING</u>

The Court is required to screen all in forma pauperis prisoner pleadings against government officials pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

Rule 12 is read in conjunction with Rule 8(a)(2) when screening a complaint; Rule 8 "requires only 'a short and plain statement of the claim showing

2

that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). The "mere possibility of misconduct," or an "unadorned, the-defendant-unlawfully-harmed-me accusation" falls short of meeting this plausibility standard. *Id.* at 678–79 (citations omitted); *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. <u>BACKGROUND</u>[2]

In his original Complaint, Seina named as Defendants the OCCC, "Public Safety of Hawaii," and the State of Hawaii. ECF No. 1 at 1–2. The Court

---

[2] Seina's factual allegations are accepted as true. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

3

dismissed the Complaint because any claims against the named Defendants were barred by the Eleventh Amendment.  ECF No. 8 at 5–6.  Although the Court dismissed Seina's claims against the OCCC, "Public Safety of Hawaii," and the State of Hawaii with prejudice, the Court granted Seina leave to amend his pleading to name a proper defendant or defendants.  *Id.* at 6.  The Court also provided Seina with the applicable legal standard for his threat-to-safety claim under the Fourteenth Amendment.[3]  *Id.* at 6–8.

In the FAC, although Seina does not rename "Public Safety Hawaii" and the State of Hawaii as defendants, he does rename the OCCC.  ECF No. 10 at 2.  Seina also adds a collection of eight supervisory officials at the OCCC as Defendants, including Sequeria (warden), Atares (chief of security), Bryant (watch commander/operations captain), Rodrigues (watch commander/operation captain), Tokay (residency lieutenant), Suilata (operations lieutenant), Yamamoto (sergeant), and Heck (sergeant).  *Id.* at 1–4.  He also names an unspecified number of doe defendants.  *Id.* at 5.

Seina alleges a threat-to-safety claim under the Fourteenth Amendment in Count I.  *Id.* at 8–10.  He claims that, on November 4, 2020, he was sleeping in his bunk bed in the OCCC's "annex 1 dorm 1" when he was awoken by "punches to

---

[3]  The Court explained to Seina that, as a pretrial detainee, his threat-to-safety claim arose under the Fourteenth Amendment, not the Eighth Amendment.  ECF No. 8 at 6.

his face." *Id.* at 8.  Seina claims that an "unknown number" of inmates pulled him

from his bed and dragged him to the back of the dorm.  *Id.*  The inmates proceeded

to stomp, kick, and punch Seina's body, face, and head for an "unknown length of

time." *Id.*  Seina claims that he was "near death" after the assault.  *Id.*  Seina's

injuries included brain bleeding, a cut under his eye that left him with blurred

vision, and a broken arm that required emergency surgery.  *Id.* at 10.

According to Seina, the security camera monitoring the area where he was

assaulted was broken "about a year ago." *Id.* at 9.  At that time, another inmate

was allegedly "beaten to death" in "annex 1 dorm 1." *Id.* at 9.  Seina claims that an

unspecified number of "inmate on inmate assaults" occurred at the OCCC.  *Id.*

Specifically, he notes one fight between two inmates in October 2020, and two

assaults on another inmate between November 13 and 14, 2020—that is, after

Seina was allegedly assaulted.  *Id.* at 12.  Despite knowing that the security camera

was inoperable, Seina claims generally that prison officials did not implement

"dorm inspections," prevent inmates from practicing "fighting skills," or enforce

unidentified rules, policies, and procedures.  *Id.* at 9.

Based on these facts, Seina alleges in Count II that Defendants also violated

the Eighth Amendment.  ECF No. 10 at 11–13.  In Count III, Seina alleges a state

law negligence claim based on the factual allegations in Count I and Count II.  *Id.*

at 14.  Seina seeks declaratory relief, compensatory damages, punitive damages, "executive health insurance," and life insurance.  *Id.* at 15–17.

### III.  <u>DISCUSSION</u>

**A.    Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." (citation omitted)).  "'A person "subjects" another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**B.      Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law.  *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).  Nor does it bar suits for damages against state officials in their personal capacities.  *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

Seina again names the OCCC as a Defendant.  ECF No. 10 at 2.  As the Court explained in dismissing the original Complaint, ECF No. 8 at 5–6, any claims against the OCC are barred by the Eleventh Amendment.  *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997) ("We . . . agree with the district court that the State of Hawaii is entitled to the protections of sovereign immunity under the Eleventh Amendment." (citation omitted)); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 1:19-cv-00040 LEK-KJM, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor

OCCC, a jail, are . . . subject to suit under the Eleventh Amendment."). Seina's claims against the OCCC remain DISMISSED with prejudice.

In the FAC, Seina also names in both their official and individual capacities a collection of supervisory prison officials at the OCCC. *See* ECF No. 10 at 1–4. Any claims for money damages against these state officials in their official capacities are also barred by the Eleventh Amendment. *See Aholelei*, 488 F. 3d at 1147. And although Seina sometimes describes the actions of these state officials as "ongoing," *see, e.g.*, ECF No. 10 at 16, he does not specifically seek any prospective relief to enjoin any alleged ongoing violations of federal law. *See Wolfson*, 16 F.3d at 1065–66. Therefore, Seina's claims against all Defendants in their official capacities are DISMISSED with prejudice. However, Seina's claims against prison officials in their individual capacities are not barred by the Eleventh Amendment.

## C.     Supervisory Liability

Under 42 U.S.C. § 1983, prison officials in a supervisory role are not subject to liability for the acts of lower officials based on a respondeat superior or vicarious liability theory. *See Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* (internal

quotation marks and citation omitted).  "The requisite causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refusing to terminate a series of acts by others, . . . which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury."  *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (internal quotation marks, brackets, and citations omitted) (first ellipsis in original).  "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others."  *Id.* at 1208 (internal quotation marks and citation omitted).

Seina names eight supervisory officials at the OCCC as Defendants in the FAC, including the warden, the chief of security, two "watch commander[s]/operation[s] capt[ains]," a "residency lieutenant," an "operations lieutenant," and two sergeants.  ECF No. 10 at 1–5.  Seina fails, however, to identify adequately the alleged basis of liability for each individual Defendant.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant." (citation omitted)); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be

a showing of personal participation in the alleged rights deprivation:  there is no

respondeat superior liability under section 1983." (citations omitted)).  Throughout

the FAC, Seina generally refers to the eight supervisory officials collectively as

"Defendants," without identifying what each of them did or failed to do that caused

a violation of his constitutional rights.[4]  *See* ECF No. 10 at 8–13.  This will not do.

*See, e.g.*, *McCardie v. Ahern*, No. 20-cv-01408-EMC, 2020 WL 4260738, at *5

(N.D. Cal. July 24, 2020) ("If [plaintiff] wishes to pursue claims against individual

Defendants, he must be careful to allege facts showing the basis for liability for

each individual Defendant."); *Palmer v. Santa Cruz Sheriff's Dep't*, No. 19-cv-

04629-EMC, 2020 WL 264336, at *2 (N.D. Cal. Jan. 17, 2020) ("[Plaintiff] must

be careful to allege facts showing the basis for liability for each individual

defendant.").

    If Seina chooses to file another amended pleading, he should identify each

involved Defendant by name and link each of them to his claim(s) by explaining

what each of them did or failed to do that caused a violation of his constitutional

rights.  *See, e.g.*, *McGinnis v. Davis*, No. 20-cv-01695-SI, 2020 WL 4039233, at *4

(N.D. Cal. July 17, 2020).  Simply listing each Defendant's job position and the

---

[4]  At one point, Seina makes the conclusory statement that Warden Sequeria's
management of his staff was "deficient."  ECF No. 10 at 10.  If Seina files another
amended pleading, he should explain how Sequeria's supervision is allegedly
linked to the November 4, 2020 assault.

general responsibilities of someone in that role "is not enough to establish . . . how each Defendant acted, or failed to act." *Wright v. Yanos*, No. 2:15-cv-02671-TLN-CKD, 2017 WL 6040335, at *5 (E.D. Cal. Dec. 6, 2017).

For example, to the extent Seina is claiming that the security camera should have been repaired, he should identify by name the individual prison official or officials who failed to do this.  Regarding Seina's claim that "dorm inspections" should have been implemented because of the broken security camera, ECF No. 10 at 9, he should identify by name the individual prison official or officials who should have done this.  To the extent Seina claims that inmates should not have been allowed to "train fighting skills," *id.*, he ought to identify by name the prison official or officials who failed to stop this training.  To the extent Seina claims that unspecified rules, policies, and procedures were not enforced, *id.*, he should say what the relevant rules, policies, and procedures were and identify by name which individual prison official or officials failed to enforce them.  And, to the extent Seina claims that he should not have been housed with certain other inmates, *id.* at 12, he should identify by name which prison official was responsible for his placement.

Without identifying the alleged basis of liability for each individual Defendant, Seina fails to state a plausible claim upon which relief can be granted. *See Craig v. Koenig*, No. 19-cv-05661-EMC, 2020 WL 264338, at *3 (N.D. Cal.

11

Jan. 17, 2020) ("[Plaintiff] should not refer to [defendants] as a group . . . ; rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights." (citation omitted)).  If Seina opts to file another amended pleading, he should also consider the following legal standards.

### D.    Eighth and Fourteenth Amendment Claims

Seina alleges threat-to-safety claims under the Eighth and Fourteenth Amendments.  ECF No. 8–13.  Where a pretrial detainee alleges a threat-to-safety claim, however, it "arise[s] under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause."  *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018) (internal quotation marks and citation omitted).  Seina's Eighth Amendment claims in Count II are therefore DISMISSED with prejudice.

To establish a threat-to-safety claim under the Fourteenth Amendment, the plaintiff must show that:

> (1) [t]he defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) [t]hose conditions put the plaintiff at substantial risk of suffering serious harm; (3) [t]he defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) [b]y not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (formatting and footnoted omitted).

"With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks, brackets, and citations omitted).  A pretrial detainee who asserts a threat-to-safety claim must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

According to Seina, on November 4, 2020, an unspecified number of inmates pulled him off his bunk and dragged him "to the back of dorm 1 Annex 1," where they stomped, kicked, and punched him, leaving him in a "near death" condition after the assault.  ECF No. 10 at 8.  If Seina chooses to file an amended pleading, he should clarify how any Defendant made an intentional decision that put him at a substantial risk of suffering this harm.

Seina does allege that "about a year ago" an inmate was "beaten to death" in "Annex 1 dorm 1." *Id.* at 9.  It is not entirely clear, however, if Seina is alleging that this earlier incident occurred in the same area where he was assaulted—that is, in the area that should have been covered by the broken security camera.  If that is what Seina is claiming, he should clearly say so.

Seina also alleges that there was a fight in "Annex 1 Dorm 1 & Dorm 2" between two inmates in October 2020. *Id.* at 12. According to Seina, prison officials continued housing these inmates in "Annex 1 Dorm 1 & 2" even after the fight. *Id.* Seina claims that one of these inmates subsequently assaulted him and two other inmates. *Id.* It is unclear, however, if Seina is referring to the November 4, 2020 incident, or some other incident. If Seina is claiming that one of the inmates who allegedly assaulted him had a history of violent encounters with other inmates, he should make this clear. Likewise, if there was any reason to suspect that this inmate might target Seina specifically, he should say so.

Seina also alleges that prison officials allowed inmates to train "fighting skills." *Id.* at 9. Seina does not allege, however, that the inmates who assaulted him practiced these skills. Nor does he allege that inmates who practiced these skills were involved in assaults against other inmates. Seina, therefore, has not plausibly alleged that allowing inmates to train fighting skills created a substantial risk of serious harm. Seina's threat-to-safety claim under the Fourteenth Amendment is DISMISSED with leave granted to amend.

### E.    Doe Defendants

Seina names "John and Jane Doe ABC and Company" as Defendants. ECF No. 10 at 5. The Federal Rules of Civil Procedure do not authorize or prohibit the use of fictitious parties, although Rule 10 requires a plaintiff to include the names

of all parties in his complaint.  Fed. R. Civ. P. 10(a).  Doe defendants are generally

disfavored, however, because it is effectively impossible for the United States

Marshal to serve an anonymous defendant.  *See Gillespie v. Civiletti*, 629 F.2d 637,

642 (9th Cir. 1980) ("As a general rule, the use of 'John Doe' to identify a

defendant is not favored." (citation omitted)).

A plaintiff may refer to unknown defendants as John or Jane Doe 1, John or

Jane Doe 2, and so on, but he must allege specific facts showing how each doe

defendant violated his rights.  The plaintiff may then use the discovery process to

obtain the names of the doe defendants and seek leave to amend to name those

defendants, unless it is clear that discovery will not uncover the identities, or that

the complaint will be dismissed on other grounds.  *See Wakefield v. Thompson*,

177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Seina names "John and Jane Doe ABC and Company," ECF No. 10 at 5, but

he fails to allege how any specific doe defendant violated the Fourteenth

Amendment, *id.* at 8–13.  If Seina chooses to file another amended pleading and

decides to include doe defendants, he must articulate how each doe defendant

allegedly violated his constitutional rights.  *See Conklin v. Espinda*, Civ. No. 19-

00097 JMS-RT, 2019 WL 2397802, at *6 (D. Haw. June 6, 2019) (dismissing

claims against unknown defendants where plaintiff failed to explain how each doe

15

defendant personally violated plaintiff's civil rights).  Seina's claims against "John and Jane Doe ABC and Company" are DISMISSED with leave granted to amend.

## F.    State Law Negligence Claim

Seina asserts state law negligence claims in Count III.  ECF No. 10 at 14. This Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  The Court may decline to exercise supplemental jurisdiction over a claim, however, if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Seina does not make any separate factual allegations in support of his negligence claim.  *See* ECF No. 10 at 14.  Instead, he incorporates by reference the factual allegations made in support of Count I and Count II.  *Id.*  For the reasons already set forth, however, Seina fails to state a plausible threat-to-safety claim. Because Seina fails to state a threat-to-safety claim based on his pretrial detention at the OCCC, the Court declines to exercise supplemental jurisdiction over any state law claim based on that detention.  *See Gustafson v. Fukino*, Civ. No. 09-00565 SOM/KSC, 2010 WL 2507556, at *9 (D. Haw. June 18, 2010) ("When, as here, the federal claims are dismissed before trial, even though not insubstantial in

a jurisdictional sense, the state claims should be dismissed as well." (internal

quotation marks and citation omitted)).

If Seina decides to file an amended pleading and chooses to reassert a state

law negligence claim, he should consider the following legal standards.  Under

Hawaiʻi law, in order to prevail on a negligence claim, a plaintiff is required to

prove the following four elements:  (1) a duty, or obligation, recognized by the

law, requiring the defendant to conform to a certain standard of conduct, for the

protection of others against unreasonable risks; (2) a failure on the defendant's part

to conform to the standard required—that is, a breach of the duty; (3) a reasonably

close causal connection between the conduct and the resulting injury; and (4)

actual loss or damage resulting to the interests of another.  *See Molfino v. Yuen*,

134 Hawaiʻi 181, 184, 339 P.3d 679, 682 (2014).

Although Seina alleges that all of the Defendants owed "a duty of care to the

security, health[,] and safety to the institution, staff[,] and inmates/detainees," he

fails to allege how each individual Defendant breached that duty.  Nor does he

explain how each individual Defendant's conduct caused his injury.  Seina's state

law negligence claims are DISMISSED with leave granted to amend.

## IV.  <u>LEAVE TO AMEND</u>

The FAC is DISMISSED with partial leave granted to amend.  Seina may

file a first amended complaint on or before **April 8, 2021** that attempts to cure the

deficiencies in his claims.  Seina may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to those in the FAC are subject to dismissal.

Seina must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.4, which require an amended complaint to be complete itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.1; LR10.4.  Claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey*, 693 F.3d at 928.  If Seina fails to timely file a second amended complaint that cures the deficiencies in his claims, this action may be dismissed, and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[5]

---

[5]  Section 1915 (g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

(continued . . .)

## V.  <u>CONCLUSION</u>

(1)  The FAC is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2)  Seina's claims against the Oahu Community Correctional Center and the other Defendants in their official capacities are DISMISSED with prejudice.

(3)  Seina's Eighth Amendment claim is DISMISSED with prejudice.

(4)  Seina's other claims are DISMISSED with leave granted to amend.

(5)  Seina may file an amended pleading that cures the deficiencies in his claims on or before **April 8, 2021**.

(6)  The Clerk is directed to send Seina a blank prisoner civil rights complaint form so that he can comply with the directions in this Order if he chooses to file a second amended complaint.

(7)  If Seina fails to timely amend his pleadings or is unable to cure the deficiencies in his claims this suit may be AUTOMATICALLY DISMISSED without further notice.

---

(. . . continued)
        malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, March 9, 2021.



Jill A. Otake
United States District Judge

*Seina v. Oahu Community Correctional Center, et al.*, Civ. No. 20-00554 JAO-RT; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PARTIAL LEAVE TO AMEND